IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ORRILYN MAXWELL STALLWORTH, | ) ) ) | |
| Plaintiff, | ) ) | NO. 2:18-cv-1005-ALB-SRW |
| v. | ) ) | |
| RODNEY W. HURST, *et al.*, | ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter comes before the court on Defendants Kenneth Harmon and Corry McCartney's Motion to Dismiss the Complaint. (Doc. 15).

Plaintiff Orrilyn Stallworth, an African-American woman, filed this suit against four police officers under 42 U.S.C. § 1983 for false arrest and malicious prosecution. The Complaint alleges that Defendant Rodney Hurst, a Chilton County Sheriff's Deputy, stopped Plaintiff's car one night without a legitimate justification. (Doc. 1 ¶¶ 10-13). He was soon joined on the side of the road by Defendant Matt Foshee, a Clanton police officer, and another unknown deputy. *Id.* ¶¶ 12-14. According to the Complaint, the officers detained Plaintiff on the ground that Hurst "smelled alcohol" and "smelled marijuana" in Plaintiff's car, even though Plaintiff had not consumed alcohol or used marijuana. *Id.* ¶¶ 15-16. Plaintiff allowed these three officers to search her vehicle, but they found nothing. *Id.* ¶ 18. Nonetheless,

these three officers arrested the Plaintiff, impounded her vehicle, tested her for alcohol and/or drugs, and charged her with driving under the influence. *Id.* ¶¶ 15-26. Plaintiff was released from jail when she made bail, and the criminal charge was later dismissed with prejudice on the government's motion. *Id.* ¶¶ 27-30. Plaintiff contends that this unjustified arrest and prosecution was caused, at least in part, by racial animus. *Id.* ¶ 31.

At the time of Plaintiff's arrest, Defendant Kenneth Harmon was the shift or watch commander and Defendant Corry McCartney was the Sheriff's supervisor. (Doc. 1 ¶ 22). The Complaint alleges that these supervisors "caused or contributed to cause the unlawful, wrongful, and malicious arrest, imprisonment, and prosecution of plaintiff in that, despite a clear duty and obligation to do so, they culpably and deliberately failed or refused **to review the evidence concerning plaintiff's arrest and detention, [and] culpably failed to supervise the actions of [the other] defendants**." *Doc. 1* ¶ 28 (emphasis added).

The police officers who allegedly stopped and arrested Plaintiff filed Answers to the Complaint (Docs. 14 & 21). But Defendants Harmon and McCartney moved to dismiss the Complaint under Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim upon which relief may be granted. (Doc. 15). Specifically, they argue that supervising officers do not have a duty to investigate the basis of an arrest based on conduct that they did not witness or observe.

Plaintiff brings § 1983 claims against all Defendants for unlawful arrest (Count 1 of the Complaint) and malicious prosecution (Count 2 of the Complaint). An arrest made without probable cause is a violation of an arrestee's clearly established Fourth Amendment rights and a tort under § 1983. *See Redd v. City of Enterprise*, 140 F.3d 1378, 1382 (11th Cir. 1998). Similarly, our Circuit has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983. *See Uboh v. Reno*, 141 F.3d 1000, 1002–04 (11th Cir. 1998). *See also Delchamps, Inc. v. Bryant*, 738 So. 2d 824, 831–32 (Ala. 1999) (malicious prosecution is also state-law tort).

However, "[i]t is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks omitted). Instead, for a supervisor to be liable for the acts of his or her subordinate, a § 1983 plaintiff must show that "the supervisor either directly participated in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation." *Keith v. DeKalb Cty., Georgia*, 749 F.3d 1034, 1047–48 (11th Cir. 2014). "The necessary causal connection can be established when [1] a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation," [2] "when a supervisor's custom or policy" caused the

deprivation of constitutional rights, or [3] "when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Cottone*, 326 F.3d at 1360. In short, "the standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." *Id.*

The Complaint does not allege facts that fit any of these three bases for supervisor liability. It does not allege that Defendants ordered their subordinates to arrest or press charges without probable cause. It does not complain about a policy of doing so. And it does not assert any facts that would suggest widespread abuse such that these supervisors would be on notice of the need for corrective action.

Instead, the Complaint alleges that Defendants Harmon and McCartney are liable for what they failed to do, not for what they did. Specifically, the Complaint alleges that Harmon and McCartney failed "to review the evidence concerning plaintiff's arrest and detention." (Doc. 1 ¶ 28). The problem is that the Eleventh Circuit has already held that such allegations are insufficient to establish supervisor liability in a § 1983 case like this one. In no uncertain terms, the Eleventh Circuit has held that "[t]here is no constitutional requirement for a supervising officer to complete a full on-scene investigation of the basis for an arrest for conduct he did not observe." *Wilkerson v. Seymour*, 736 F.3d 974, 980 (11th Cir. 2013). Here, Defendants Harmon and McCartney were not present during Plaintiff's arrest when

Defendant Hurst claimed to smell alcohol and marijuana. The Complaint also does not allege that Defendants Harmon or McCartney had any knowledge of why Plaintiff was arrested or whether Defendant Hurst's statements were pretext for discrimination. Without something more, Defendants Harmon and McCartney had no duty to investigate the basis of an arrest that they did not observe or participate in. *See id.*

Apart from the allegation that Defendants Harmon and McCartney did not investigate the evidence underlying the Plaintiff's arrest and detention, the Complaint says very little about them. The Complaint includes boilerplate language asserting that each supervisor was "deliberately indifferent to the impropriety of the detention and arrest of plaintiff and the lack of probable merit of the case against plaintiff, and they deliberately failed to intervene in the process of plaintiff's detention to prevent her incarceration and imprisonment." (Doc. 1 ¶¶ 34, 39). But these statements are nothing more than bare, conclusory allegations. There are no plausible facts to support them. Such "labels and conclusions" are nothing more than "a formulaic recitation of the elements of a cause of action" and are insufficient to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In short, the Complaint fails to state a claim against Defendants Harmon and McCartney. However, it is possible that Plaintiff may be able to allege additional facts that go beyond the Complaint's present allegations. Accordingly, the

Complaint will be dismissed without prejudice and the Plaintiff will be given 21 days to amend.

For the foregoing reasons, the court **ORDERS** as follows:

1. Defendants Harmon and McCartney's Motion to Dismiss (Doc. 15) is **GRANTED**.

2. Counts One and Two of the Plaintiff's Complaint (Doc. 1) against Harmon and McCartney are **DISMISSED WITHOUT PREJUDICE**.

3. It is **ORDERED** that Plaintiff has leave until **July 16, 2019**, to file an amended complaint that makes sufficient allegations to state a claim against Harmon and/or McCartney.

**DONE** and **ORDERED** this 25th day of June 2019.

              _____/s/ Andrew L. Brasher_____
              ANDREW L. BRASHER
              UNITED STATES DISTRICT JUDGE